Louis Bennett, J.
This is a summary proceeding instituted by a lessee and sublessee of a one-story business building consisting of four stores, one of which is presently occupied by the sublessee, to give possession of the entire building to the sub-lessee. The other three stores are separately occupied by statutory tenants against whom the proceeding has been brought.
The proceeding has been brought in the name of the lessee, Selga Realty Corp., and the sublessee, North End Wine & Liquor Store, Inc., as landlords. However, the proceeding is based upon the petition of the sublessee, North End Wine & Liquor Store, Inc., and is verified by an officer of that corporation as such.
The lessee, Selga Realty Corp., is the tenant of the entire building premises known by the street numbers 2505-2511 Webster Avenue, by virtue of a lease in writing executed by the owners of the fee of the premises, as landlord, and said lessee, as tenant, demising said premises for a term of 21 years and one month commencing April 1, 1955 and ending April 30, 1976. This lease is noncancelable except for a violation of any term or obligation of the lease.
The sublessee, North End Wine & Liquor Store, Inc., is an undertenant of said entire building premises by virtue of a sublease in writing executed by the lessee, Selga Realty Corp., as landlord, and said undertenant, North End Wine & Liquor Store, Inc., as tenant, demising said premises for a term of 21 years and 25 days, commencing April 1, 1955 and ending April 25, 1976 at an annual rental of $8,000 and the additional rent consisting of the amount of the real estate taxes, water rates and sewer rents which at the present time exceed the sum of $2,500 per annum. This lease is noncancelable except for a violation of any term or obligation of the lease.
The sublessee occupies the store known by the separate street number 2511 Webster Avenue and owns and operates therein a retail wine and liquor store under license from the State of New York. The tenants, Harry Miller, Nathan Finkelstein and Morris A. Lieman, respectively, occupy the stores known by the *1025 separate street numbers 2505, 2507 and 2509 Webster Avenue by virtue of leases which have expired, as statutory tenants.
The petition states that the proceeding is being brought pursuant to the provisions of subdivision (k) of section 8 of the Business Bent Law (L. 1945, ch. 314, as last amd. by L. 1955, ch. 701), which provides in part as follows: “ So long as the tenant continues to pay the rent to which the landlord is entitled * # * no tenant shall be removed from any business space * * * unless: * * * (k) the landlord * * * receives and accepts a bona fide offer to enter into a lease with a prospective tenant for a term of not less than ten years, noncancellable except for the violation of any term or obligation of such lease * * *; provided, however, that in the case of such a lease with a prospective tenant for a store or stores occupied by more than one tenant, and in which lease the rent reserved is ten thousand dollars per annum or more, the landlord shall not be required to offer to execute or to tender the lease to any such tenant ”.
The petition also contains allegations which incorporate therein as an additional ground for the recovery of possession one of the grounds stated in section 8 (subd. [d], par. [2]) of the Business Bent Law which provides in part as follows: “So long as the tenant continues to pay the rent to which the landlord is entitled * * * no tenant shall be removed from any business space * * * unless: (d) * * # (2) Possession is sought by a person who is the lessee or sub-lessee of an entire building for a term of twenty-one years or more who seeks in good faith to obtain possession of the business space for his immediate and personal use ”.
The conclusion cannot be avoided that the sublessee is acting in good faith in seeking possession of the three stores occupied by the tenants for its immediate and personal use as business space to meet the pressing requirements of its business presently operated in one of the stores in the building premises, or that the lease of the entire building for a term exceeding 21 years between the owner of the fee and the lessee-landlord is a bona fide lease, or that the sublease of the entire building for a term exceeding 21 years between the lessee-landlord and the sublessee-landlord is a bona fide lease.
The petition in a summary proceeding is sufficient within the requirements of subdivision 1 of section 1410 of the Civil Practice Act if the petition discloses that the tenant “holds over and continues in possession of the demised premises or any portion thereof after the expiration of the term without the permission of the landlord.” The petition is sufficient within the requirements of section 8 of the Business Bent Law if the *1026 petition discloses that it is predicated upon one or more of the grounds stated in that section of the statute as constituting exceptions to the prohibition against removal of tenants from controlled business space.
The petition in this proceeding contains sufficient allegations to comply with the requirements of sections 1410 and 1415 of the Civil Practice Act and section 8 (subd. [d], par. [2]; subd. [k]) of the Business Bent Law.
The two grounds for recovery of possession under the emergency rent law alleged in the petition are not inconsistent with each other but are harmonious, coexistent grounds and therefore there was no necessity for an election of causes of action or remedies by the petitioner-landlord.
While it is true that upon the trial of this proceeding it was indicated that the petitioner was proceeding upon the ground stated in subdivision (k) of section 8 rather than in paragraph (2) of subdivision (d) of section 8, in the course of the trial and in the proof of the allegations of the petition the petitioner adduced evidence sufficient to constitute proof of right to recovery of possession on either or both grounds.
The court possesses the power to allow the amendment of the petition in a summary proceeding at any state of the proceeding if substantial justice will be promoted thereby. (N. T. City Mun. Ct. Code, § 93.)
Since the petition is adequate with respect to both grounds for recovery of possession, such amendment is not necessary.
Likewise, the court possesses the power to grant an amendment of the petition to conform to the proof. (Civ. Prac. Act, § 434.)
However, the petition contained allegations incorporating both grounds and the evidence adduced necessarily involved the proof of both grounds.
The tenants were not misled to their prejudice in maintaining their defense.
It is therefore possible for the court to make a finding that the sublessee is entitled to recover possession under paragraph (2) of subdivision (d) of section 8 without necessarily requiring an amendment of the pleadings or the production of additional evidence.
At the close of the trial decision was reserved by the court on a motion made on behalf of the landlords to reinstate in the petition the ground under paragraph (2) of subdivision (d) of section 8 and for submission of the proceeding on that ground as well as the ground alleged under subdivision (k) of section 8. In the interest of justice that motion should be granted.
*1027 The sublessee-landlord, North End Wine & Liquor Store, Inc., has sustained the burden of proving that it is the sublessee of the entire building for a term in excess of 21 years and is asking in good faith to obtain possession of the business space occupied by the three tenants for its immediate and personal use, and should be awarded possession on that ground.
The tenants assert that the sublessee-landlord is not entitled to possession under subdivision (k) of section 8 for the reason: (1) That the sublease does not provide for a rental of $10,000 or more; and (2) That the sublessee is already in possession of one of the four stores in the building and is therefore not a “ prospective tenant ” within the meaning of that section so as to obviate the necessity of offering a “ matching lease ” to the tenant of the respective adjoining stores.
By the provisions of the sublease in addition to the rent the sublessee is required to pay real estate taxes, water rates and sewer rents. These items have been designated additional rent and must be regarded as such. The rent required to be paid by the sublessee-landlord is a fixed basic annual rent of $8,000 plus the items of additional rent which are in excess of $2,500 per annum. The total rent payable by the sublessee-landlord is in excess of $10,500. (Business Rent Law, § 2, subd. [f].)
The objection that the sublessee-landlord is not a “ prospective tenant ” is based solely upon the fact that subdivision (k) of section 8 does not provide that a “ prospective tenant ” includes a tenant then in occupancy of business space in the same building, whereas subdivision (kk) of section 8 so provides.
The alternate provision of subdivision (k) of section 8 upon which the sublessee-landlord is relying was enacted and incorporated into the emergency rent statute by chapter 417 of the Laws of 1952, upon the recommendation of the Temporary Commission to Study Rents and Rental Conditions.
The report of said commission (N. T. Legis. Doc., 1952, No. 61, pp. 14-15) states as follows: “ 6. This year, for the third time, since its addition to the statute, the Commission recommends revision of the so-called ‘ store ’ amendment in another and, it is hoped, a final attempt to give it vitality. Through court decisions and misunderstandings, this provision has failed of full acceptation or effectiveness. The ‘ store ’ amendment, added in 1949, was intended somewhat to relax rent control in stores * * * Thus the ‘ Store ’ amendment is recommended for recasting in order to: * * * (b) [Fix a new minimum annual rental of $10,000 in cases contemplating the assembling of several stores or other space into a single store and involving more than one tenant, in such cases the landlord will not be *1028 required to offer each such tenant the opportunity to match the terms offered the prospective tenant] * * * ”.
Subdivision (kk) of section 8 was enacted and incorporated into the emergency rent statute at a later date by chapter 452 of the Laws of 1953.
There does not seem to be any inconsistency with the stated purpose of subdivision (k) of section 8 in embracing within the meaning of “prospective tenant” a tenant then occupying business space in the same building. Nor should the fact that at a later date, when a further provision was added to the statute, it was expressly stated that the term ‘ ‘ prospective tenant ’ ’ includes tenant then occupying business space in the same building compel the conclusion that such meaning was not intended with respect to the earlier provision.
The landlords have sustained the burden of proving that the lessee-landlord, Selga Realty Corp., received and accepted a bona fide offer to enter into a lease with the sublessee-landlord, North End Wine & Liquor Store, Inc., a prospective tenant, for stores occupied by more than one tenant, in which lease the rent reserved is more than $10,000 per annum for a term of more than 10 years, noncancelable except for the violation of any term or obligation thereof, and the landlords are seeking in good faith to obtain possession of the business space occupied by the three tenants for the immediate and personal use of the sublessee-landlord, North End Wine & Liquor Store, Inc., and should be awarded possession on that ground.
Accordingly, the petitioner is hereby granted a final order, with a stay of execution of the warrant to and including the 7th day of February, 1956.